PANZARDI, APPELLANT, *v.* REGISTRAR OF MAYAGÜEZ, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 304.—Decided April 24, 1917.

POSSESSORY TITLE—IDENTITY OF PROPERTY—RECORD OF TITLE.—When, after a refusal to record a possessory title to a lot because it was doubtful whether or not the lot formed part of another recorded property and because the registrar was of the opinion that its admission to record might cancel partially the record of the other property, it results that the possible identity of the properties is too remote to justify the refusal to record the possessory title, which would be without prejudice to the better rights of third persons, the decision appealed from should be reversed.

ID.—ID.—ID.—JURISDICTION.—The Act of March 1, 1902, providing for appeals from the decisions of registrars of property, is not in conflict with article 393 of the Mortgage Law, and, therefore, the Supreme Court has jurisdiction to review a decision refusing to record a possessory title and to determine whether the registrar was justified in refusing to make the record as ordered, without prejudice to the procedure indicated in said article should

the decision be affirmed; for if reversed and the entry ordered, such proceedings would be superfluous. This doctrine is not at variance with that laid down in *Lugo* v. *Registrar of Humacao*, 22 P. R. R. 327.

The facts are stated in the opinion.

*Mr. José Sabater* for the appellant.

The respondent did not appear.

Mr. Justice Hutchison delivered the opinion of the court.

Appellant presented in the Registry of Property of Mayagüez a decree of the district court ordering the possession of a certain lot to be recorded in his name, the description of the property in question being as follows:

"A lot on Dr. Basora Street, this city, containing 72.38 square meters, bounded on the north by a lot belonging to Pablo Gonce, on the south by a house belonging to Antonia Pino, on the east by property of Aurora de la Rosa, widow of Jiménez, and on the west or front, which measures nine meters, by Dr. Basora Street."

Record of this document was refused by the registrar, "there being a doubt as to whether or not the property referred to therein forms part of another property recorded under number 1219, as to an undivided portion of three-fifths, on folio 29 *et seq.*, volume 35 of this municipality, sixth registration, appearing in the name of Salvador Mestre y Mora; and further, because by making a record of the property set out in this instrument the record of the other property might become partially cancelled."

Property number 1219 is described in the first and subsequent inscriptions thereof thus:

"Urban. Lot located on Rosa Street, this city, corner of Jardines, 20.80 meters front by 29.26 in depth, and bounded on its front, north, by Rosa Street, on the south or rear by a house belonging to the Succession of Fernando Lloreda, on the left, entering, or east, by a house the property of Félix García de la Torre, and (by) María Petra Librán, and on the west or right by Jardines Street."

In the seventh inscription the same lot is referred to as bounded on the east or left by José Félix García de la Torre

and on the rear by a house belonging to Salvador Mestre and to the Succession of Rosalía Lloreda.

The same is quite differently described in a certain marginal note as follows:

"Urban. A lot situate on Jardines Street, this city, the description of which appears from the former entries, repeated here, however, by reason of the discrepancies observed in the document now presented, according to which the property is bounded on the front by Jardines Street, on the left, entering, and in the rear, by a house and *patio* belonging to the Succession of Mestre and to Fernando Lloreda, and on the right by a house the property of Amalia Lasise."

Appellant admits that the street now called Dr. Basora was formerly known as Jardines.

From the judicial decree first above-mentioned it appears that appellant acquired the lot subject of the possessory proceedings from Salvador Mestre Caparrós. This may or may not be the same house belonging in part to "Salvador Mestre," referred to in the seventh inscription, *supra,* as adjoining property number 1219 on the south, and in the marginal note, which is hopeless in its confusion, as adjoining the same property "on the left entering and in the rear" and as belonging in part "to the succession of Mestre." But neither hypothesis would make it a part of the corner lot. Property number 1219 has a frontage of 20.80 meters on Basora Street by 29.26 meters in depth on Rosa Street, while the property of appellant has a nine-meter front on Basora Street, and, assuming it to be rectangular, can have but a fraction more than eight meters in depth.

The registrar has filed no brief and the only apparent basis for the doubt expressed in his endorsement is the similarity of names, indicating kinship between appellant's vendor and the record owner of the corner lot, together with the fact that both lots are bounded on the west by Basora Street. Aside from this suggestion of a possible family relationship and the vague reference in the seventh inscription of the

corner lot to a house belonging in part to "Salvador Mestre" as the adjoining property on the south, there is nothing whatever to indicate even that the two lots are in the same block.

The requirements of subdivisions 1, 2 and 3 of article 393 of the Mortgage Law regulating the procedure to be followed in case the registry shows any uncanceled record of acquisition, ownership or possession, in conflict with the fact of possession established by the judicial proceeding, do not preclude the consideration and decision herein of the question as to whether or not the registrar was justified in refusing to make the entry ordered by the court.

An Act providing for appeals from the decisions of registrars of property, approved March 1, 1902, authorizes an appeal to this court from the decision of the registrar whenever he refuses or suspends any record, entry or cancellation. That law does not conflict with article 393 of the Mortgage Law and this court has jurisdiction to review the decision appealed from herein, without prejudice to the procedure indicated in article 393 in case such decision should be affirmed. If the same be reversed and the record ordered to be made, then of course such proceeding would be superfluous.

Nor in what we have said do we deviate from the doctrine of *Lugo* v. *The Registrar of Humacao,* 22 P. R. R. 352, wherein we expressly stated that no question had been raised as to the identity of the land, and that the appeal from the ruling of the registrar authorized by law had been properly taken. If any question as to the identity of the land had been raised, we nevertheless would have exercised our jurisdiction to determine whether or not the ruling of the registrar was sound.

In the circumstances we are constrained to hold that the possibility of identity herein is entirely too remote to justify the refusal of the registrar to record the possessory title of appellant, which, as a matter of law, and as expressly stated

in the decree, is of course without prejudice to third persons
with better right, and the ruling appealed from must be

*Reversed and record ordered.*

Chief .Justice Hernández and Justices Wolf and Aldrey
concurred.

Mr. Justice del Toro dissented.